#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JAMES HARRIS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 06-2059-KHV** |
| **ARCHER DANIELS MIDLAND COMPANY,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

#### MEMORANDUM AND ORDER

James Harris brings suit against Archer Daniels Midland Company alleging claims arising out of employment. On January 31, 2006, plaintiff filed suit in state court in Wyandotte County, Kansas, alleging that defendant fired him in retaliation for filing a workers compensation claim. See Petition in No. 06-CV-171-3. On February 21, 2006, defendant filed a Notice of Removal (Doc. #1) asserting that this Court has diversity jurisdiction. This matter comes before the Court on plaintiff's Motion To Remand (Doc. #7) filed March 23, 2006. For reasons stated below, the Court overrules plaintiff's motion.

#### Standard For Removal

A civil action is removable if plaintiff could have originally brought the action in federal court. See 28 U.S.C. § 1441(a).[1] The Court is required to remand "[i]f at any time before final judgment

---

[1] The procedure for removing a case to federal court is set forth in 28 U.S.C. § 1446, which states in relevant part as follows:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal

(continued...)

it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). Because federal courts are courts of limited jurisdiction, the law imposes a presumption against federal jurisdiction. See Frederick & Warinner v. Lundgren, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing Basso v. Utah Power & Light Co., 495 F.2d 906, 909 (10th Cir. 1974)). The rule is inflexible and without exception, and requires a court to deny its jurisdiction in all cases where such jurisdiction does not affirmatively appear in the record. See Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982). Accordingly, the Court must strictly construe the federal removal statute. See Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). The burden is on the party requesting removal to demonstrate that the Court has jurisdiction. See Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995). The Court must resolve any doubts concerning removability in favor of remand. See J.W. Petroleum, Inc. v. Lange, 787 F. Supp. 975, 977 (D. Kan. 1992).

**Factual And Procedural Background**

On January 31, 2006, plaintiff filed suit in Wyandotte County district court, alleging that

---

[1](...continued)
signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(a) and (b). Plaintiff does not dispute that defendant timely filed the notice of removal.

defendant fired him in retaliation for filing a workers compensation claim. Plaintiff's state court petition sought damages "in excess of $75,000." <u>Notice of Removal</u>, Doc. 1, Ex. A. On February 21, 2006, defendant removed the case to this Court, asserting diversity jurisdiction under 28 U.S.C. § 1332. Specifically, defendant noted that plaintiff is a resident of the State of Kansas and that defendant is an Illinois corporation with its principal place of business in Quincy, Illinois. Defendant pointed out that the petition claimed damages in excess of $75,000, and asserted that the action could be removed under 28 U.S.C. § 1446.

On February 27, 2006, plaintiff filed an "Amended Petition" in this Court, reiterating the claims from the original petition, but reducing his damages claim to $70,000. Plaintiff contends that because he his amended petition seeks damages less than $75,000, the Court lacks diversity jurisdiction.

### **Analysis**

Under 28 U.S.C. § 1332, this court has original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and there is "complete diversity." <u>See</u> <u>Depex Reina 9 P'ship v. Tex. Intern. Petroleum Corp.</u>, 897 F.2d 461, 463 (10th Cir. 1990) ("complete diversity" requires that all parties on one side of litigation are of different citizenship from all parties on other side of litigation). Defendant has established complete diversity because plaintiff is a Kansas citizen and defendant is deemed a citizen of Delaware, where it is incorporated and Illinois, its principal place of business. <u>See</u> 28 U.S.C. § 1332(c)(1). The only issue regarding the Court's diversity jurisdiction is the amount in controversy.

Plaintiff contends that the Court lacks jurisdiction because he amended his "petition" to allege damages of $70,000 – below the $75,000 threshold for federal diversity jurisdiction. The face

of the original petition, however, seeks damages in excess of $75,000. Ordinarily, the Court decides a motion for removal based on the original complaint. A plaintiff may not "force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action. Instead, the propriety of removal is judged on the complaint as it stands at the time of the removal." Pfeiffer v. Hartford Fire Ins. Co., 929 F.2d 1484, 1488-89 (10th Cir. 1991) (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 294 (1938) (voluntary reduction of amount demanded cannot defeat jurisdiction once removal proceedings perfected)). Otherwise, defendant's statutory right of removal would be subject to plaintiff's caprice. Denham v. Wal-Mart Discount Cities, Case No. 96-2339-GTV, 1996 WL 570197, at *1 (D. Kan. Sept. 27, 1996); see also Bank IV Salina, N.A. v. Aetna Casualty and Surety Co., 783 F. Supp. 1315, 1317 (D. Kan. 1992); Lininger v. State Farm Fire & Cas. Co., 958 F. Supp. 519, 519 (D. Kan. 1997) (once lawsuit properly removed, plaintiff's reduction in amount of damages does not divest court of jurisdiction). See generally Werwinski v. Ford Motor Co., 286 F.3d 661 (3rd Cir. 2002) (plaintiff's stipulation to amount in controversy after removal of "no legal significance"); Rogers v. Wal-Mart Stores, Inc., 230 F.3d 868 (6th Cir. 2000) (post-removal stipulation to reduce amount in controversy below jurisdictional limit does not require remand); Poore v. American-Amicable Life Ins. Co. of Texas, 218 F.3d 1287, 1290 (11th Cir. 2000) (amendment of complaint after removal does not divest court of jurisdiction); In re Shell Oil Co., 966 F.2d 1130, 1133 (7th Cir. 1992). But see Bailey v. Wal-Mart Stores, Inc., 981 F. Supp. 1415 (D. C. Ala.1997) (remand where plaintiff sought $500,000 at time of removal but motion to remand disclaimed damages in excess of $49,999).

Plaintiff asserts that because he filed the amended complaint before defendant filed a

4

responsive pleading, the Court should adjudicate the removal using plaintiff's amended complaint. Plaintiff relies upon Feil v. MBNA America Bank, N.A., Case No. 05-2459-JWL, 2006 WL 52732 at *5, n.1 (D. Kan. March 3, 2006), and American Bush v. City of South Salt Lake, 42 Fed.Appx. 308, 310 (10th Cir. 2002).

In Feil, the Court stated in a footnote that "where, as here, the plaintiff amends the complaint before the defendant files an answer, the removal motion is adjudicated using the plaintiff's amended complaint." Id., n.1, citing American Bush.[2]  In American Bush, plaintiffs filed suit in state court alleging state and federal claims which challenged state ordinances.  Defendant removed the action under 28 U.S.C. § 1441. Plaintiffs immediately amended their complaint to omit their federal claims, to defeat federal jurisdiction. The district court then dismissed the federal claims with prejudice and the state claims without prejudice.  On appeal, plaintiffs asserted that the federal court did not have jurisdiction to dismiss their federal claims with prejudice.  Notably, "[n]either party challenge[d] the propriety of the removal." Id. at 309.

In analyzing American Bush, the Tenth Circuit first found that the federal district court had jurisdiction over the case because the state court case included federal claims.  The Tenth Circuit stated that "the propriety of removal is judged on the complaint as it stands at the time of the removal." Id. at 310 (citing Pfeiffer, 929 F.2d at 1488).  The Tenth Circuit then ruled as follows:

> Upon removal but before defendant filed an answer to the complaint, plaintiffs filed an amended complaint and a motion to dismiss in order to return the case to the state court. Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its

---

[2]  As defendant points out, the holding in American Bush does not appear to support the quoted statement.  Feil does not further elaborate upon the quoted statement, however, and in any event, the court in Feil found that both the original and the amended complaint included the required jurisdictional amount.

5

>pleading "once as a matter of course at any time before a responsive pleading is served." The "responsive pleading" contemplates a substantive response to the allegations in the complaint. A motion to dismiss, for example, does not cut off a plaintiff's right to amend without leave of court. See id. at 283 (motion to dismiss does not qualify as responsive pleading for Rule 15 purposes). Similarly, the removal petition did not serve to cut off plaintiffs' right to amend their complaint once as a matter of course. Once the complaint was amended, the federal claims were not part of the case. See Miller v. Glanz, 948 F.2d 1562, 1565 (10th Cir. 1991) (amended complaint supersedes original). At that point, the district court had discretion only to retain the state claims or relinquish jurisdiction to the state court. See 28 U.S.C. § 1367(a) & (c)(3) (district court has supplemental jurisdiction over state-law claims integrally related to federal claims, but may refuse supplemental jurisdiction if federal claims are dismissed). Accordingly, because the federal claims were no longer before the court, the district court abused its discretion by dismissing them with prejudice.

42 Fed. Appx. at 310 (some internal citations omitted). American Bush did not hold that plaintiff could defeat federal court jurisdiction over the lawsuit by amending its complaint before defendant filed a responsive pleading. Rather, it ruled that the federal court could not exercise jurisdiction over federal claims which plaintiff no longer asserted when defendant filed an answer. American Bush does not alter the rule that the court determines the propriety of removal at the time of removal.

On February 21, 2006, the date of removal, plaintiff alleged that the amount in controversy was more than $75,000. Plaintiff does not dispute complete diversity of citizenship. This Court therefore has jurisdiction under 28 U.S.C. § 1332.

**IT IS THEREFORE ORDERED** that plaintiff's Motion To Remand (Doc. #7) filed March 23, 2006, be and hereby is **OVERRULED**.

Dated this 13th day of April, 2006 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> Kathryn H. Vratil
> United States District Judge

6